**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**TONY A. PASSAFUME,**

      **Plaintiff,**

**v.**                                                  **Case No: 6:16-cv-1058-Orl-40GJK**

**COMMISSIONER OF SOCIAL SECURITY,**

      **Defendant.**

## REPORT AND RECOMMENDATION

Tony A. Passafume (the "Claimant"), appeals from a final decision of the Commissioner of Social Security (the "Commissioner"), denying his application for Social Security disability insurance benefits and Supplemental Security Income payments. Doc. No. 1; R. 253, 255, 795-96. Claimant alleges an onset date of disability of October 25, 2008. R. 253, 290. Claimant argues that the Administrative Law Judge (the "ALJ") erred by providing insufficient reasons in giving no weight to Claimant's treating doctor's opinion. Doc. No. 19 at 18-19. Claimant also argues that this matter should be reversed under sentence six of 42 U.S.C. § 405(g) for consideration of new and material evidence. *Id.* at 26-27. For the reasons set forth below, it is recommended that the Commissioner's final decision be **AFFIRMED**.

**I.  STANDARD OF REVIEW.**

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g) (2010). Substantial evidence is more than a scintilla – i.e., the evidence must do more than merely create a suspicion of the existence of a fact and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v.*

*Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). Where the Commissioner's decision is supported by substantial evidence and based on proper legal standards, the District Court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004); *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The Court must view the evidence as a whole, considering evidence that is favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560. The District Court "'may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner].'" *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (quoting *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)).

## II. ANALYSIS.

### A. Weight Given Dr. Kora's Opinion

Claimant argues that the ALJ erred by giving insufficient reasons for according no weight to the opinion of the one of his treating doctors, Dr. Vidya S. Kora. Doc. No. 19 at 18-19. The ALJ stated the following regarding giving Dr. Kora's opinion no weight: "The determination of disability is one reserved for the Commissioner. Further, the limitations identified by Dr. Kora are inconsistent with the claimant's conservative treatment and activities documented in the record, including the ability to care for himself and perform other daily activities." R. 805.

Weighing the opinions and findings of treating, examining, and non-examining physicians is an integral part of steps four and five of the ALJ's sequential evaluation process for determining

disability.[1] The Eleventh Circuit clarified the standard the Commissioner is required to use when considering medical opinion evidence. In *Winschel v. Commissioner of Social Security*, the Eleventh Circuit held that whenever a doctor offers a statement reflecting judgments about the nature and severity of a claimant's impairments, including symptoms, diagnosis, and prognosis, what the claimant can still do despite the impairments, and the claimant's physical and mental restrictions, the statement is an opinion requiring the ALJ to state with particularity the weight given to it and the reasons therefor. 631 F.3d 1176, 1178-79 (11th Cir. 2011) (citing 20 C.F.R. §§ 404.1527(a)(2), 416.927(a)(2); *Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir. 1987)). "'In the absence of such a statement, it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence.'" *Winschel*, 631 F.3d at 1178-79 (quoting *Cowart v. Schwieker*, 662 F.2d 731, 735 (11th Cir. 1981)). *See also MacGregor v. Bowen*, 786 F.2d 1050, 1053 (11th Cir. 1986) (failure to state with particularity the weight given to opinions and the reasons therefor constitutes reversible error); *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997) (failure to clearly articulate reasons for giving less weight to the treating physician's opinion constitutes reversible error).

Absent good cause, the opinions of treating physicians must be accorded substantial or considerable weight. *Lamb v. Bowen*, 847 F.2d 698, 703 (11th Cir. 1988). "Good cause exists when the: '(1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records.'" *Johnson v. Barnhart*, 138 F. App'x. 266, 269 (11th Cir. 2005) (citing *Phillips v. Barnhart*, 357 F.3d 1232, 1240-41 (11th Cir. 2004)).[2]

---

[1] See *McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986), and 20 C.F.R. § 404.1520(a)(4) (2012), for a description of the five-step sequential process to determine whether a claimant is entitled to supplemental security income and disability insurance benefits.

[2] In the Eleventh Circuit, unpublished decisions are not binding, but are persuasive authority. 11th Cir. R. 36-2.

An ALJ's conclusory statements to the effect that an opinion is inconsistent with or not bolstered by the record are insufficient to show an ALJ's decision is supported by substantial evidence unless the ALJ articulates factual support for such a conclusion. *Poplardo v. Astrue*, No. 3:06-cv-1101-J-MCR, 2008 WL 68593 at *11 (M.D. Fla. Jan. 4, 2008) (failure to specifically articulate evidence contrary to treating doctor's opinion requires remand); *Paltan v. Comm'r of Soc. Sec.*, No. 6:07-cv-932-Orl-19DAB, 2008 WL 1848342 at *5 (M.D. Fla. Apr. 22, 2008) ("The ALJ's failure to explain how [the treating doctor's] opinion was 'inconsistent with the medical evidence' renders review impossible and remand is required."). Also, an ALJ's failure to "provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." *Cornelius v. Sullivan*, 936 F.2d 1143, 1145-46 (11th Cir. 1991). Thus, conclusory statements are not sufficient to support an ALJ's decision to give a treating physician's opinion no weight. *See Perez v. Comm'r of Soc. Sec.*, 625 F. App'x 408, 418 (11th Cir. 2015) (ALJ's conclusory statement that treating doctor's limitations were contrary to his treatment notes was insufficient to support giving doctor's opinion little weight "because the ALJ did not identify any contradictions.").

Claimant argues that the ALJ did not cite any evidence or daily activities in the record to support a finding that Dr. Kora's opinion on Claimant's limitations was inconsistent with his conservative treatment and activities. Doc. No. 19 at 18. Claimant contends that participating in everyday activities of short duration does not dictate that he is disabled, as the issue of disability is whether Claimant can work five days a week for eight hours each day. *Id.* at 19.

The undersigned finds that the ALJ sufficiently explained both Claimant's conservative treatment and the record evidence of his daily activities supporting the ALJ's conclusions. First, the ALJ laid out Claimant's conservative treatment. R. 802. The ALJ provided a detailed summary

of Claimant's medication and treatment history, including Claimant receiving epidural injections. R. 802. The ALJ noted the evidence that Claimant is stable on the medications, did not need follow-up visits, and his conditions were treated and managed appropriately with medications. R. 802. The ALJ refers to one of Claimant's medical records from one of his treating physicians that states that Claimant "would do well with therapy, injections and pain management . . . ." R. 802. Another doctor recommended that Claimant continue with physical therapy exercises and using his TENS unit. R. 802. Additionally, an assistive device, such as a cane, was not prescribed. R. 803-04. The ALJ recounted that Claimant did not require neurosurgical intervention or regular emergency room visits for his pain. R. 804. Claimant did not contradict this summary of the evidence in the Joint Memorandum. Doc. No. 19 at 17-19.

Second, the ALJ noted record evidence of Claimant's daily activities. Although activities of daily living, standing alone, are not sufficient evidence that a claimant cannot perform work, this case is distinguishable from those cases because here, the treating physician specifically opined that Claimant cannot perform activities of daily living. R. 755. *Compare Prentice v. Comm'r of Soc. Sec.*, No. 6:15-cv-1286-Orl-GJK (M.D. Fla. Dec. 6, 2016) (ALJ erred in affording little weight to treating physician's opinions without sufficiently explaining rationale, as ALJ conclusively stated that the opinion was not supported by the medical evidence and was inconsistent with the claimant's activities, and treating physician opined that claimant would need daily unscheduled breaks of four to five hours and would need to lie down during those breaks).

The ALJ noted that in August and December 2015, Claimant reported that he did not have difficulty feeding or dressing himself and that he was able to do his own shopping. R. 803. The ALJ also commented on Claimant attending his daughter's sporting events and taking her to water parks and amusement parks in 2009. R. 804.

Substantial evidence supports the ALJ's decision to give no weight to Dr. Kora's opinion as being contrary to the evidence. Thus, there was good cause for giving Dr. Kora's opinion no weight. Even if the ALJ improperly discounted Dr. Kora's opinion because it contained a determination reserved to the Commissioner, R. 805, this does not dictate reversal because there is substantial evidence supporting the ALJ's other two reasons for rejecting Dr. Kora's opinion. *See D'Andrea v. Comm'r of Soc. Sec. Admin.*, 389 F. App'x 944, 948 (11th Cir. 2010) (rejecting argument that ALJ failed to accord proper weight to treating physician's opinion "because the ALJ articulated at least one specific reason for disregarding the opinion and the record supports it.").

### B.  Remand under Sentence Six of 42 U.S.C. § 405(g)

Attached to the Joint Memo are medical records of updated MRIs of Claimant's cervical and lumbar spine. Doc. No. 19 at 26; Doc. No. 19-1. Claimant argues that this case should be remanded under sentence six of 42 U.S.C. § 405(g) for consideration of this evidence. Doc. No. 19 at 26.

A district court may "remand an application for benefits to the Commissioner for consideration of new evidence that previously was unavailable" under sentence six of 42 U.S.C. § 405(g). *Enix v. Comm'r of Soc. Sec.*, 461 F. App'x 861, 863 (11th Cir. 2012). This particular type of remand "'is available when evidence not presented to the Commissioner at any stage of the administrative process requires further review.'" *Id.* (quoting *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1267 (11th Cir. 2007)). The claimant must establish the following to demonstrate entitlement to a sentence six remand: "'(1) there is new, noncumulative evidence; (2) the evidence is "material," that is, relevant and probative so that there is a reasonable possibility that it would change the administrative result and (3) there is good cause for the failure to submit the evidence at the administrative level.'" *Id.* (quoting *Caulder v. Bowen*, 791 F.2d 872, 877 (11th

Cir. 1986)). In *Enix*, the Eleventh Circuit held that the claimant did not show good cause for failing to submit the evidence at the administrative level because almost all of the evidence existed after the hearing before the ALJ, but before the ALJ issued his decision. *Id.*

Claimant argues that good cause is shown here because "this evidence did not exist at the time of the administrative proceeding." Doc. No. 19 at 26. However, the documents show that the evidence did exist at the time of the administrative proceeding. The medical records refer to imaging studies taken on March 23, 2016, and appear to have been created on March 24, 2016, which is before the ALJ rendered his decision on April 13, 2017. Doc. No. 19-1 at 1-4, 3; R. 792. Claimant states that he did not receive the medical records until after the ALJ's decision, Doc. No. 19 at 26, but he does not explain why he did not ask that the administrative proceedings remain open so that he could submit this evidence, as he underwent the MRIs before the ALJ's decision. Claimant knew that their results would be forthcoming. The undersigned concludes that Claimant does not meet the prong required for a sentence six remand that there be good cause for failing to submit the evidence during the administrative proceedings.

Even if this prong were met, the undersigned finds that the medical records do not meet the second prong that they be material. To be material, the medical records must be "'relevant and probative so that there is a reasonable possibility that it would change the administrative result . . . .'" *Enix*, 461 F. App'x at 863 (quoting *Caulder v. Bowen*, 791 F.2d at 877). The documents are the results of MRIs performed after Claimant was in a car accident on March 17, 2016. Doc. No. 19-1 at 1, 3. Claimant's alleged disability onset date is October 25, 2008, R. 253, 290, and his date last insured is December 31, 2013, R. 1479. The medical records do not contain any indication that they relate in any way to Claimant's condition during his period of disability. Thus, Claimant has not demonstrated that they are relevant and probative such that there is a reasonable possibility

that they would change the ALJ's decision. *See Culpepper v. Colvin*, No. 2:13-CV-1015-LSC, 2014 WL 3889800, at *7 (N.D. Ala. Aug. 6, 2014) (finding evidence supporting request for sentence six remand was not material where it pertained to an injury suffered after the disability period and did not show that the claimant was disabled during the relevant period). Because Claimant failed to demonstrate that there was good cause for not submitting the medical records during the administrative proceedings or that they were material, it is recommended that the Court reject the request to remand this proceeding under sentence six of 42 U.S.C. § 405(g).

### III. CONCLUSION.

For the reasons stated above, it is **RECOMMENDED** that:

1. The final decision of the Commissioner be **AFFIRMED**; and
2. The Clerk be directed to enter judgment for Commissioner and close the case.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

**RECOMMENDED** in Orlando, Florida, on May 2, 2017.

                                                              _____
                                                              GREGORY J. KELLY
                                                              UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Richard A. Culbertson, Esq.
3200 Corrine Dr.
Orlando, FL 32803

W. Stephen Muldrow
Acting United States Attorney
John F. Rudy, III
Assistant United States Attorney
400 N. Tampa St.

Suite 3200
Tampa, FL 33602

Mary Ann Sloan, Regional Chief Counsel
John C. Stoner, Acting Deputy Regional Chief Counsel
Beverly E. Williams, Acting Branch Chief
Nicole M. Pasquarelli, Assistant Regional Counsel
Social Security Administration
Office of the General Counsel, Region IV
Sam Nunn Atlanta Federal Center
61 Forsyth Street S.W., Suite 20T45
Atlanta, Georgia 30303

The Honorable Ken B. Terry
Administrative Law Judge
c/o Office of Disability Adjudication and Review
SSA ODAR Hearing Ofc
Desoto Bldg., Suite 400
8880 Freedom Crossing Trail
Jacksonville, FL 32256-1224